# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-1090V
Filed: April 16, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| VIRGIL KIM, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Tetanus-Diphtheria-acellular Pertussis; |
| | * | TDaP; Table Injury; Brachial Neuritis; |
| SECRETARY OF HEALTH | * | Brachial Plexitis; Special Processing |
| AND HUMAN SERVICES, | * | Unit |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Amber Wilson, Esq.*, Maglio, Christopher, and Toale, PA (DC), Washington, DC for petitioner.
*Claudia Gangi, Esq.*, U.S. Department of Justice, Washington, DC for respondent.

### DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On November 7, 2014, Virgil Kim filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that he "developed pain in the left shoulder and he was suffering from numbness and tingling in his hands" after receiving the DTaP and influenza vaccinations on October 12, 2013. Petition at 1. Petitioner was "diagnosed . . . with left brachial plexitis triggered by vaccination (DTaP)." Petition at 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 10, 2015, I issued a ruling on entitlement, finding petitioner had established that he suffered a Table injury (brachial neuritis) and was entitled to compensation. On April 14, 2015, respondent filed a proffer on award of compensation

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

["Proffer"] indicating petitioner should be awarded "a lump sum payment of $91,255.90 (representing compensation for actual and projected pain and suffering, past unreimbursable expenses related to the vaccine-related injury, and projected unreimbursable expenses related to the vaccine-related injury)." Proffer at 1-2.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $91,255.90 in the form of a check payable to petitioner, Virgil Kim.** This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| VIRGIL KIM, | ) |
| Petitioner, | ) |
| v. | ) No. 14-1090V |
| | ) Chief Special Master Vowell |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ECF |
| Respondent. | ) |

**RESPONDENT'S PROFFER ON DAMAGES**

Respondent submits the following recommendations regarding items of compensation to be awarded to petitioner under the Vaccine Act.

**I.     Items of Compensation**

A.  Future Medical Care Expenses

Respondent proffers that based on the evidence of record, petitioner is entitled to an award of $1,000.00 for projected unreimbursable medical care expenses as provided under 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

B.  Lost Earnings

Respondent proffers that based upon the evidence of record, petitioner has not and is not likely to suffer a loss of earnings as a result of his vaccine-related injury.  Accordingly, the Court should not award lost future earnings as provided under § 300aa-15(a)(3)(A).  Petitioner agrees.

1

C. Pain and Suffering

Respondent proffers that petitioner should be awarded $90,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D. Past Unreimbursed Expenses

Evidence supplied by petitioner documents his expenditure of past un-reimbursable expenses related to his vaccine-related injury. Respondent proffers that the petitioner is entitled to past un-reimbursed expenses in the amount of $255.90. Petitioner agrees.

E. Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens related to his vaccine-related injury.

F. Attorneys' Fees and Costs

This proffer does not address final attorneys' fees and costs. Petitioner is entitled to reasonable attorneys' fees and costs, to be determined at a later date upon petitioner filing substantiating documentation.

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following : a lump sum payment of $91,255.90 (representing compensation for actual and projected pain and suffering, past unreimbursable

expenses related to the vaccine-related injury, and projected unreimbursable expenses related to the vaccine-related injury), in the form of a check payable to petitioner.[1]

### III. Summary of Recommended Payments Following Judgment

A lump sum payment of $91,255.90, representing compensation for actual and projected pain and suffering, and past and projected unreimbursable expenses related to the vaccine-related injury, payable to petitioner.

Respectfully submitted,

BENJAMIN C. MIZER
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division

/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4138

Dated: April 14, 2015

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.